**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIO ADRIAN RUIZ ZAZUETA,<br><br>        Petitioner,<br><br>    v.<br><br><br>TODD M. LYONS, Director, Immigration and Customs Enforcement, Department of Homeland Security; JOHN RATHMAN, Warden of Imperial Regional Detention Center; PAM BONDI, Attorney General, Department of Justice; and KRISTI NOEM, Secretary, Department of Homeland Security,<br><br>        Respondents. | Case No.:  3:26-cv-00149-BTM-MSB<br><br>**ORDER GRANTING PETITION FOR THE WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Pending before the Court is Julio Adrian Ruiz Zazueta's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Respondents agree that Ruiz Zazueta appears to be a member of the class granted relief in *Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  (ECF No. 4, at 2.)  Based on that,

they acknowledge that Ruiz Zazueta "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (*Id.*)  The Court agrees and holds that Ruiz Zazueta is entitled to a bond hearing under Section 1226(a).  The Court also holds that Ruiz Zazueta is independently entitled to the writ of habeas corpus for the same reasons discussed in the Court's recent decisions:

> Petitioner is a long-term resident of the United States. He was apprehended in the interior of the United States, not near the border or a port of entry. He is not an applicant for admission. He may not be denied a bond hearing based on Respondents' contention that his case falls within Section 1225.

*Garcia-Donis*, 2025 WL 3467385, at *1 (quoting *Amaya*, 2025 WL 3182998, at *2).  (*See* ECF No. 1, at 3.)

The petition for a writ of habeas corpus is **GRANTED** on the first claim and the writ is **ISSUED**.  The Respondents are enjoined from detaining Ruiz Zazueta under 8 U.S.C. § 1225.  The Respondents must also provide him with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within fourteen (14) days of the entry of this order.  The Respondents shall not deny his bond on the basis that 8 U.S.C. § 1225(b) requires mandatory detention.  In the absence of a bond hearing as ordered, the Respondents shall release Ruiz Zazueta from custody.

The remaining claims are **DISMISSED** without prejudice as moot.  The hearing on January 30, 2026, is **VACATED**.  The parties shall file a statement as to the satisfaction of the writ by February 6, 2025, at 4 p.m.  The Court retains jurisdiction to enforce the writ.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order.  The Respondents shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated:  January 22, 2026

Honorable Barry Ted Moskowitz
United States District Judge

2

26-cv-149